CORNELIUS J. BERGEN, RESPONDENT, *v.* CHARLES G. PATTERSON, APPELLANT.

*Discharge in bankruptcy — what debts are discharged by — when the debt is not created by the fraud of the bankrupt.*

The plaintiff having incurred certain liabilities for the defendant's benefit, the latter executed a bill of sale and chattel mortgage of certain personal property to him to secure him against loss therefrom. Thereafter, the defendant having failed to pay the indebtedness for which plaintiff was liable, the plaintiff brought this action to recover the possession of the property covered by the bill of sale and mortgage. The sheriff having been unable to find the whole of the property, the plaintiff procured an order of arrest, under section 179 of the Code of Procedure, upon the ground that the defendant had concealed, removed or disposed of the property with the intent that it should not be found or seized by the sheriff. The plaintiff thereafter recovered a judgment and collected a portion thereof under an execution issued thereon, but never obtained the possession of that portion of the property in respect to which the order of arrest was made.

Upon a motion made by the defendant, under section 1268 of the Code of Civil Procedure, to have the judgment canceled on the ground of his subsequent discharge in bankruptcy:

*Held,* that the debt upon which the judgment was recovered was not created " by the fraud" of the defendant within the meaning of that term, as used in section 5117 of the United States Revised Statutes, exempting debts so created from the effect of a discharge in bankruptcy, and that the motion should be granted.

Appeal from order made at Special Term, denying the appellant's motion that the judgment in this action be canceled and discharged of record.

*A. J. Vanderpoel,* for the appellant

*A. N. Weller,* for the respondent.

Davis, P. J.:

This motion was made upon two grounds:

*First.* That the defendant had been discharged in bankruptcy.

*Second.* That the judgment had been paid.

As to the second of these grounds, on a careful examination of the voluminous papers contained in the case, we are unable to satisfy ourselves that the judgment has been paid in full. To entitle the appellant to the order sought on this ground, it was his duty to show affirmatively and clearly that the judgment has been wholly paid, because the motion for the discharge on the ground of payment must necessarily be denied if any portion of the judgment remains unsatisfied. He did not ask to have the question of payment sent to a referee where the conflicting statement would perhaps have been settled by proper testimony and the amount unpaid ascertained, but left its determination to depend upon the confused and conflicting affidavits which the case contained. The conclusion of the court below upon that question cannot be disturbed.

The principal question in the case is, whether the appellant was entitled to the order because of his discharge in bankruptcy.

Section 1268 of the Code of Civil Procedure provides that at any time after two years have elapsed since the bankrupt was discharged from his debts, pursuant to the acts of congress relating to bank-

ruptcy, he may apply on proof of his discharge to the court in which judgment was rendered against him for an order directing the judgment to be canceled and discharged of record. The appellant moved under this section. The fact of his discharge was not disputed; but it is claimed by the respondent that the discharge has no effect upon this judgment. That claim is based upon section 5117 of the Revised Statutes of the United States, which is in these words:

"No debt created by the fraud or embezzlement of the bankrupt, or by his defalcation as a public officer, or while acting in any fiduciary character, shall be discharged by proceedings in bankruptcy, but the debt may be proved and the dividend thereon shall be a payment on account of such debt."

The sole question is whether the debt sought to be discharged was "created by the fraud" of the bankrupt. The word "fraud," as used in this section, is defined by the Supreme Court of the United States to mean "positive fraud, or fraud in fact involving moral turpitude or intentional wrong." (*Neal* v. *Clark*, 5 Otto, 704.) This construction was adopted by the Court of Appeals in *Hennequin* v. *Clews* (77 N. Y., 427), as, indeed, it must be, under the authority of *Neal* v. *Clark*, by all inferior courts. The judgment in this case was recovered in an action brought to recover possession of personal property. The facts out of which the action arose were briefly these: The plaintiff in the judgment had incurred certain liabilities for the defendant, and as collateral security against such liability the defendant executed to him a bill of sale and a chattel mortgage of the personal property, the possession of which was sought to be recovered in this action. The defendant failed to meet the indebtedness for which the plaintiff had become liable, and afterwards, being entitled to the possession of the goods and chattels described in the mortgage, the plaintiff brought his action to recover such possession. The sheriff was unable to find the whole of the property described in his process, and pending the action upon an affidavit showing, as required by section 179 of the former Code, that a portion of the property had been concealed, removed or disposed of so that it could not be found or taken by the sheriff, with the intent that it should not be found or taken, the plaintiff obtained an order of arrest under which the defendant was

arrested and held to bail for $8,000, the supposed value of the property alleged to have been so secreted or disposed of. Upon the consent of the defendant duly accepted by the plaintiff judgment was afterwards entered in the action in the form required by the Code, to wit, that the plaintiff recover possession of the property alleged to have been unjustly detained, or in default of such possession that he recover the value of the same. The value was assessed at $11,000, with $350 damages for detention. Execution was afterwards issued and a part of the judgment collected by levy and sale of property. The possession of that portion of the property, in respect of which the order of arrest was made, was not obtained.

Under this state of facts the question whether the debt was "created by fraud" is certainly a debatable one. The act of congress has in view a fraud which enters into the creation of the debt, and not one subsequently committed that may injuriously affect the plaintiff in his right to collect or enforce the debt.

The debt in this case, for the purposes of this question, must be considered to be the cause of action on which the recovery of the judgment was had. That cause arose upon the refusal or neglect of the defendant to deliver to the plaintiff the possession of the property covered by the bill of sale and chattel mortgage given as collateral security. What constitutes the wrongful detention mentioned in section 207 of the Code of Procedure which prescribes what must be shown to entitle the plaintiff to claim the delivery of the property? A refusal or neglect to deliver upon proper demand gave to the plaintiff a right of action either for the value of the goods, if he had chosen to pursue that remedy, or for the recovery of actual possession of the property mortgaged. In either form the cause of action grows out of the wrongful act of the defendant in withholding possession of the property. Such wrongful act is a tort, but it is not necessarily a fraud within the meaning of the act of congress. If it be so every wrongful conversion or trespass affecting personal property is a fraud, and a discharge in bankruptcy cannot be held to extend to any tortious cause of action of that nature. It has often been held that a judgment of a court of law obtained in an action of tort is a debt dischargeable under the bankruptcy act. (*Manning* v. *Keyes*, 9 Rhode I., 224; *In re*

*Beck*, 3 McLean, 317; *Cole* v. *Rich*, 37 Texas, 413.) And it seems quite clear, under the principle of the numerous authorities construing the words " while acting in any fiduciary capacity," as used in the bankruptcy act, and which hold that it is not enough to show a merely implied fiduciary relation, but that special and declared trusts must be shown to prevent the operation of the discharge (*Chapman* v. *Forsyth*, 2 How. [U. S.], 202; *Neal* v. *Clark* (*supra*), that in respect of torts it must also be shown to bring them within the exception of the bankruptcy act, that they involved positive fraud, or fraud in fact, evincing moral turpitude and intentional wrong; or in the words of CHURCH, Ch. J., in *Hennequin* v. *Clews* (*supra*), " It must be an active, express fraud, and not one implied from an unjustifiable or illegal act." As in this case the debt, or in other words the judgment recovered in the action, was created solely by the wrongful detention of property, no express or intentional fraud within the meaning of the act can be implied merely from the recovery itself. The complaint alleges no fraud; it merely asserts the title of the plaintiff to the property and his right of possession, and the wrongful detention by the defendant, so that upon the face of the record we are unable to find that degree of fraud which the act of congress requires. Nor does the fact that an order of arrest was obtained after the commencement of the action establish the requisite fraud. That was a subsequent and interlocutory proceeding or process resting upon some act of the defendant in relation to the property, prejudicial to the plaintiff, merely entitling him to a special and additional remedy. The right of action remained the same whether that remedy were taken or not, and the recovery was neither greater nor less because of the remedy having been taken. In short, the subsequent conduct of the defendant in concealing or withholding the property, so that the sheriff could not reach it, was not a fraud which created the debt, although it might have been one which embarrassed or hindered its enforcement. A similar question under our insolvent laws has lately been decided by this court.

The result of these views is that the discharge of the defendant in bankruptcy operated upon the judgment, and that the court below erred in not granting the motion upon that ground.

The order must be reversed, but without costs, and an order

entered directing that the judgment be canceled and discharged of record.

BRADY, J., concurred.

Present — DAVIS, P. J., and BRADY, J.

Order reversed, without costs; order entered directing that the judgment be canceled and discharged of record.